UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

KYLE T. WADE,                           )
                                        )
                 Petitioner,            )
                                        )
        v.                              )        Case No. 1:24-cv-00050-SNLJ
                                        )
USA,                                    )
                                        )
                 Respondent.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of Petitioner Kyle T. Wade's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 1]. On May 21, 2024, Respondent USA filed a Motion to Dismiss Successive Section 2255 Petition for Lack of Jurisdiction [Doc. 2]. The Court will grant Respondent's motion to dismiss and deny Petitioner's motion without prejudice as an unauthorized second or successive motion under 28 U.S.C. § 2255, and this action will be dismissed.

### Background

On October 2, 2018, Petitioner pleaded guilty to the offense of Felon in Possession of a Firearm. *United States v. Wade*, No. 1:18-cr-00084-SNLJ (E.D. Mo.) On January 15, 2018, the Court sentenced movant to 180 months' imprisonment. On December 21, 2020, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Wade v. USA*, No. 1:20-cv-00272-SNLJ. The motion to vacate was denied by the Court on August 4, 2021. *Wade v. USA*, Doc. 9. Petitioner filed the instant motion seeking relief for his conviction on March 14, 2024.

**Discussion**

The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255, but it has not been certified by the United States Court of Appeals for the Eighth Circuit.

According to 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Having reviewed the motion, and for the reasons discussed below, Petitioner's § 2255 motion must be denied and dismissed as successive.

A district court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first "receive certification from the court of appeals to file a second or successive 2255 motion." *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant

2

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

There is no indication that Petitioner has sought, much less obtained, the necessary authorization before filing the instant petition. As a result, the Court concludes it lacks jurisdiction to consider the petition. The Court finds it would not be in the interest of justice to transfer this case to the United States Court of Appeals for the Eighth Circuit and will instead dismiss the motion to vacate.

The Court has considered whether to issue a certificate of appealability. To issue a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner has made no such showing in this case, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the instant motion to vacate is **DENIED and DISMISSED**, without prejudice, because Petitioner did not obtain the required authorization from the United States Court of Appeals for the Eighth Circuit.

**IT IS FURTHER ORDERED** that Respondent's motion to dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

3

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 17th day of June, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE